IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00392-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DANIEL STONEBARGER,

        Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AND SPECIFIC ASSETS**
_____

        COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture.

        In support, the United States sets forth the following:

**I.**         **Procedural Background**

        1.     On November 18, 2021, the United States charged defendant Daniel Stonebarger by Information with wire fraud in Count 1, a violation of Title 18, United States Code, Section 1343. (Doc. 1 at p. 7-8). The Information also contained a forfeiture allegation providing the defendant with notice that the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

1

United States Code, Section 2461(c), would seek forfeiture of the following assets:

    a) $548,861.29 in fraud proceeds from the defendant's bank account ending in 6774, account title Finish Armor, LLC;

    b) A 2016 Land Rover Range Rover, VIN: SALWR2EFXGA577611; and

    c) A money judgment in the amount of the proceeds obtained by the defendant's scheme.  (Doc. 1 at p. 9)

2.     On January 27, 2022, the United States and defendant Daniel Stonebarger entered into a Plea Agreement, in which the defendant pleaded guilty to Count 1 and agreed to forfeit to the United States any and all interest the defendant may have in the property described above.  (Doc. 20, p. 4-6).

3.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violation of Title 18, United States Code, Section 1343.

4.     Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A).

5.     The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable.  Fed. R. Crim. P. 32.2(b)(1)(B).

Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

6. The facts as set forth in the Plea Agreement provide an ample basis for an order of forfeiture.  More specifically, defendant Daniel Stonebarger knowingly engaged in a scheme to defraud the United States in order to obtain pandemic-relief funds to which he was not entitled. The defendant submitted false and fraudulent Economic Injury Disaster Loan ("EIDL") and Paycheck Protection Program ("PPP") applications and was paid approximately $855,252.50 on those fraudulent applications. The defendant also claimed and received approximately $28,142 in unemployment benefits, based on his alleged unemployment from Finish Armor LLC, a business that was not established until after the pandemic began. Accordingly, the defendant obtained $883,394.50 in fraudulently obtained pandemic relief fraud.  (Doc. 20. pp. 1-2; 9-18).

7. The plea agreement also set forth that the defendant used a portion of these fraud proceeds to obtain the $548,861.29 seized from Account No. 6774, held in the name of Finish Armor, LLC and a 2016 Land Rover Range Rover VIN: SALWR2EFXGA577611. (Doc. 20, pp.17-18).

8. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for $548,861.29 seized from Account No. 6774, in the name of Finish Armor, LLC, 2016 Land Rover Range Rover, VIN: SALWR2EFXGA577611, and a money judgment in the amount of $334,861.29 ($883,394.50 less $548,861.29 recovered from Account No. 6774, in the name of Finish Armor, LLC), to be credited with any net proceeds obtained from any additional judicially forfeited assets, including proceeds from the sale of the 2016 Land Rover, for the reasons set forth above.

DATED this 22nd day of March 2022.

    Respectfully submitted,

    COLE FINEGAN
    United States Attorney

By: *s/ Tonya S. Andrews*
    Tonya S. Andrews
    Assistant U.S. Attorney
    U.S. Attorney's Office
    1801 California Street, Ste. 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: Tonya.Andrews@usdoj.gov
    *Attorney for the United States*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of March 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                                                          s/ *Sheri Gidan*
                                                          FSA Records Examiner
                                                          Office of the U.S. Attorney